UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE DENISE SMITH,

      Movant,

                                            File No. 1:11-cv-1055

v.

                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
                                  /

**O P I N I O N**

      This matter comes before the Court on Movant Michelle Denise Smith's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon her by this Court.

      Movant was indicted on September 5, 2007, on the following charge: conspiracy to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and 846. *United States v. Smith*, Case No. 1:07-cr-210-1 (W. D. Mich. Apr. 11, 2008.) Movant pleaded guilty on December 12, 2007, and was sentenced on April 10, 2008, to a term of 204 months' imprisonment. (1:07-cr-210-1, Dkt. No. 29, J.) Movant appealed on April 14, 2008, and her conviction was affirmed on October 29, 2009. (1:07-cr-210-1, Dkt. Nos. 30, 33.) Movant filed a petition for certiorari before the United States Supreme Court on January 27, 2010, and her petition was denied on March 22, 2010. (1:07-cr-210-1, Dkt. Nos. 35, 36.) Movant filed her § 2255 motion on October 3, 2011. (Dkt. No. 1.)

**II.**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal.  Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final.  Judgment was entered in this case on April 11, 2008. (1:07-cr-210-1, Dkt. No. 29, J.)  Movant filed a timely notice of appeal on April 14, 2008, and her conviction was affirmed.  (1:07-cr-210-1, Dkt. Nos. 30, 33.)  Movant then filed a petition for certiorari, and therefore the judgment became final on March 22, 2010, when the

petition was denied. (1:07-cr-210-1, Dkt. Nos. 35, 36.) Movant had one year in which to timely file a motion under § 2255. This period expired on March 22, 2011. The instant motion was filed on or about October 3, 2011, nearly seven months after the statute of limitations expired. Accordingly, absent equitable tolling of the statute of limitations period, Movant's action is time-barred.

The one-year statute of limitations contained in § 2255 is not jurisdictional and it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A court "must accord the parties fair notice and an opportunity to present their positions" before a petition is dismissed sua sponte on statute of limitations grounds. *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Court, on September 8, 2011, notified Movant that another motion which she had filed was going to be characterized as a § 2255 motion and ordered Movant to show cause why her claim should not be dismissed as untimely. (1:-07-cr-210-1, Dkt. No. 41.) Movant was also given 30 days to withdraw, amend, and/or supplement the motion. Movant responded on October 3, 2011, by filing this motion under 28 U.S.C. § 2255. (Dkt. No. 1.)

The applicable limitations period is subject to equitable tolling, allowing courts to "toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, --- F.3d ---, 2011 WL 5965837 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted)); *see Holland*

3

*v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is granted "sparingly." *Robertson*, 624 F.3d at 784. A movant in a habeas petition is entitled to equitable tolling only if two requirements are met. First, the movant must establish "that [s]he has been pursuing [her] rights diligently." *Holland*, 130 S. Ct. at 2562 (internal quotation marks omitted). Second, the movant must also show "that some extraordinary circumstance stood in [her] way and prevented timely filing." *Id.* (internal quotation marks omitted).

In her motion, Movant explains that her claim should not be time-barred because she was "hurt" and "incapacitated and not able to physically file" the motion at the time when it was due. (Dkt. No. 1, Mot. to Vacate 10.) Movant adds that she did not have access to paperwork, computers, or legal texts. (Dkt. No. 1, Mot. to Vacate 10.) Movant's first exhibit indicates that, on February 22, 2011, as a result of fighting with other inmates, she suffered "cuts and abrasions to right hand little finger, swollen thumb of right hand, and swollen left cheek." (Dkt. No. 1-1, Report 3.) These injuries are not incapacitating and do not qualify as extraordinary circumstances, nor do they account for the previous months of inactivity in pursuing the claim. Movant's explanations fail to show either that she was diligently pursuing her rights or that extraordinary circumstances beyond her control prevented her from filing in a timely manner. Accordingly, no evidentiary hearing is required and Movant's motion to vacate, set aside, or correct her sentence will be denied.

### III.

Pursuant to 28 US.C. § 2253(c), the Court must also assess whether to issue a

4

certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

    An order and judgment consistent with this opinion shall be entered.


Dated: <u>December 8, 2011</u>     /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE